IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID STROHM,

        Plaintiff,

                      Case No. 06-4139-SAC

v.

UNITED STATES OF AMERICA,

        Defendant.


## MEMORANDUM AND ORDER

This Federal Tort Claims Act[1] (FTCA) case arising out of plaintiff's

care and treatment by a Veteran's Administration Hospital comes before

the court on defendant's motion to dismiss certain claims for lack of

jurisdiction.  Defendant contends that some of plaintiff's claims are based

on the actions or inactions of a physician who is an independent contractor,

and that other claims are barred because of plaintiff's failure to exhaust

administrative remedies.

**Motion to dismiss standard**

Federal courts are courts of limited jurisdiction, so may exercise

jurisdiction only when specifically authorized to do so. *Castaneda v. I.N.S.*,

---

[1] 28 U.S.C. §§ 1346(b), 2671 et seq.

23 F.3d 1576, 1580 (10th Cir.1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim for lack of subject matter jurisdiction. Upon a defendant's Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991), *cert. denied*, 503 U.S. 984 (1992).

Rule 12(b)(1) attacks on subject matter jurisdiction are typically either facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir.1995). Plaintiff in this case lodges a facial attack - one which questions the sufficiency of the allegations in the complaint as they relate to subject matter jurisdiction. *See Holt*, 46 F.3d at 1002. In reviewing a facial attack on the complaint, the court must accept all allegations in the complaint as true. *Id.*

In ruling on a motion to dismiss, the district court is generally limited to the facts pled in the complaint or must convert the motion to a summary judgment motion. *Burnham v. Humphrey Hospitality Reit Trust Inc.*, 403 F.3d 709, 713 (10th Cir.2005). Defendant in this case has presented facts in addition to those pled in or central to the complaint as an attachment to

2

its brief.  Because the Tenth Circuit permits the court to examine those documents necessary to resolve disputed jurisdictional facts,[2] the court finds it unnecessary to convert the motion to a summary judgment motion, despite its reliance on Exhibit B[3] of defendant's brief (Dk. 19.**)**

**Independent Contractor**

Defendant first contends that some unspecified portion of plaintiff's complaint is based on the acts or omissions of Dr. Mary Moore, an independent contractor for whom the government cannot be liable under the FTCA.  *See* 28 U.S.C. § 1671. The law relative to this issue is clearly established.

> The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be sued for damages arising from torts committed by government employees acting within the scope of their employment. *Curry v. United States*, 97 F.3d 412, 414 (10th Cir.1996) ( quoting 28 U.S.C. § 1346(b)). Although "employees" of the government include officers and employees of federal agencies, "independent contractors" are not "employees." *Id.* at 414. As such,

---

[2]*See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir.2003) (finding "when a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment."), *cert. denied*, 542 U.S. 937 (2004).
[3]The court has disregarded Exhibit A of defendant's memorandum (Dk. 19),relating to Dr. Moore's status as an independent contractor, as unnecessary to its resolution of that issue.

"the FTCA does not authorize suits based on the acts of independent contractors or their employees." *Id.*

*Tsosie v. U.S.*, 452 F.3d 1161, 1163 (10th Cir. 2006).

Plaintiff concedes that the Court lacks jurisdiction over independent contractors pursuant to the FTCA, and admits that Dr. Mary Moore was an independent contractor rather than an employee of the government during the relevant dates.  Plaintiff notes that he is currently maintaining a cause of action against Dr. Moore in state court. Plaintiff further recognizes that the alleged actions and inactions of Dr. Mary Moore, as an independent contractor, cannot be attributed to the United States pursuant to the FTCA. Dk. 22, p. 1.

Nonetheless, plaintiff asserts that defendant remains liable for any breach of duty "to react and respond to any negligent treatment, negligent lack of treatment, negligent supervision, or negligent instruction, or otherwise negligent acts or omissions of Dr. Mary Moore."  Dk. 22, p. 3. The court disagrees.  Plaintiff has not cited any authority in support of this theory, has not shown that this claim is within the scope of plaintiff's administrative claim, has not included this direct liability claim in his complaint,[4] has not alleged that Kansas law would permit recovery against

_____

[4]In fact, plaintiff expressly admits "the plaintiff is not seeking to bring any claim regarding the supervisory or administrative duties of Colmery O-Neil;

a private individual under like circumstances,[5] and has not alleged the

inapplicability of the discretionary function exception.[6] Accordingly, all of

plaintiff's claims based upon the actions or omissions of Dr. Mary Moore

shall be dismissed. *See Kout v. United States*, 241 F. Supp. 2d 1183, 1187

(D. Kan. 2002).

**Exhaustion of administrative remedies**

Defendant additionally asks the court to dismiss plaintiff's claims in

paragraphs 11-15 of his Complaint for lack of administrative exhaustion.

Plaintiff disputes this contention, claiming that the allegedly unexhausted

claims are part of a single continuous series of transactions within a two-

week period involving plaintiff's care and treatment from employees of

Colmery-O'Neill. The Court's task is to determine whether the events

alleged in the complaint which occurred after March 19, 2005, fall within the

scope of plaintiff's administrative claim which specifies events which

occurred on or before March19[th].

rather, plaintiff is solely raising treatment-based claims related to the
standard of care exercised by employees and medical staff of Colmery
O'Neil." Dk. 22, p. 8.

[5] *See* 28 U.S.C. § 2674; K.S.A. § 65-442(b).

[6] *See Baird v. United States*, 653 F.2d 437, 440 (10th Cir.1981) (finding the
discretionary function exception "poses a jurisdictional prerequisite to suit,
which the plaintiff must ultimately meet as part of his overall burden to
establish subject matter jurisdiction."), *cert. denied*, 454 U.S. 1144 (1982).

**Facts**

The relevant facts are undisputed. On or about October 14, 2005,

plaintiff completed and filed the proper administrative claim form with the

appropriate agency. Section 8 of that form, SF-95, captioned "Basis of

claim," asks the claimant to "state in detail the known facts and

circumstances attending the damage, injury, or death, identifying Persons

and Property involved, place of occurrence and the cause thereof." Plaintiff

stated the following, which the parties agree relates to events on March

15th or 16th through March 19th, 2005:

> Complaints were made to Mary Moore, M.D. who diagnosed Mr.
> Strohm with an upper respiratory infection and to take a
> certain type of medication. Dr. Moore's office was called the next
> afternoon with complaints. The nurse passed on that he had been
> diagnosed with pneumonia and Dr. Moore had prescribed
> medication, but had sent it to the outpatient pick up window at the
> Topeka Hospital.  The nurse knew he could not get back to Topeka
> and she said well, you cannot get here can you? Mr. Strohm stated,
> no I cannot. At that point his medication was dropped in regular mail
> and he received it on Saturday afternoon, four days after the point in
> time when he was supposed to have received it. Mr. Strohm suffered
> from misdiagnosed pneumonia which caused him substantial injury
> and damages and in addition he lost part of his lung.

Dk. 19, Exh. B., p. 5.

The challenged portion of plaintiff's Complaint contains events

which occurred after March 19th.  It asserts that after plaintiff received the

mailed prescription, employees or medical staff of Colmery O'Neil failed to contact the plaintiff to check on his condition. The only contact occurred on March 22, 2005, and March 28, 2005, when plaintiff called Colmery-O'Neil to advise that his medication was ineffective and his condition was worsening. Both times employees advised plaintiff to continue on his antibiotics and did not advise plaintiff to seek additional care or medical treatment. On March 29, 2005, plaintiff returned to Colmery-O'Neil for an unscheduled appointment. Additional X-rays were taken that showed a worsening of pneumonia and the development of a large cavity lesion in the left hemisthorox. None of the employees at the Colmery-O'Neil Veterans Administration Hospital advised plaintiff that he should be hospitalized or that he should seek additional medical care or treatment. Plaintiff's condition continued to worsen, which prompted him to seek medical treatment elsewhere. Dk. 22, p. 5-6.

**General law**

The exhaustion of the administrative claim process is a jurisdictional prerequisite to a FTCA action. *Pipkin v. United States Postal Service*, 951 F.2d 272, 273 (10th Cir.1991).  Accordingly, the Tenth Circuit requires a claimant to file an administrative claim before bringing that claim in federal

court.  As stated in *Barnes v. U.S.*, 137 Fed.Appx. 184, 187-188, 2005 WL

1525268,*2 (10th Cir. 2005):

> The FTCA waives the federal government's sovereign immunity to
> suits for money damages arising out of the negligence of government
> agents. *See* 28 U.S.C. 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 475,
> 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). As a condition of this waiver,
> however, the FTCA requires a claimant to exhaust administrative
> remedies before bringing a claim against the United States in federal
> court. 28 U.S.C. § 2675(a). To satisfy the exhaustion requirement,
> the claimant must file an administrative claim including "(1) a written
> statement sufficiently describing the injury to enable the agency to
> begin its own investigation, and (2) a sum certain damages claim."
> *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir.1992).

"Because the FTCA constitutes a waiver of the government's sovereign

immunity, the notice requirements established by the FTCA must be strictly

construed. The requirements are jurisdictional and cannot be waived."

*Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th

Cir.1991) (citation omitted). *See Franklin v. United States*, 992 F.2d 1492,

1503 (10th Cir.1993).

The FTCA's exhaustion requirement is intended to provide notice to

the agency so that it can conduct its own investigation of the claim. *See*

*Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852-53

(10th Cir.2005). It also serves to ease court congestion and avoid

unnecessary litigation. *See Frantz v. United States*, 29 F.3d 222, 224 (5th

8

Cir. 1994) (quoting S.Rep. No. 1327, 89th Cong., 2d Sess. 6 (1966),

reprinted in U.S.C.C.A.N. 2515, 2516 (1966)).

The Tenth Circuit recently adopted the First Circuit's pragmatic

approach in deciding what level of specificity is necessary to satisfy section

2675(a), requiring only that the administrative claim contain sufficient facts

to enable the agency to begin its own investigation of the alleged events,

stating:

> In *Dynamic Image Technologies, Inc. v. United States*, the First
> Circuit described the test under § 2675(a) as "an eminently pragmatic
> one: as long as the language of an administrative claim serves due
> notice that the agency should investigate the possibility of particular
> (potentially tortious) conduct and includes a specification of the
> damages sought, it fulfills the notice-of-claim requirement." 221 F.3d
> 34, 40 (1st Cir.2000)... We agree that the FTCA's notice requirements
> should not be interpreted inflexibly. *See Dynamic Image*, 221 F.3d at
> 40.

*Estate of Trentadue ex rel. Aguilar v. U.S.,* 397 F.3d 840, 852 -853 (10th

Cir. 2005).

Accordingly, an administrative claim need not place a federal agency

on notice of "every conceivable legal theory" or cause of action that could

potentially be brought in relation to an injury described in that claim. *Bethel*

*v. U.S., ex rel. Veterans Admin. Medical Center of Denver, Colorado*, 495

F.Supp.2d 1121, 1124 -1125 (D.Colo. 2007). *See Griffin v. U.S.*, 2000 WL

9

33200259, *3 -4 (D.Kan.2000) (finding exhaustion  where administrative claim alleged negligence with respect to manner of custody but FTCA suit alleged need for medical care, and negligence on days and at places other than those stated in the administrative claim). Nonetheless, a plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts." *Dundon v. United States*, 559 F.Supp. 469, 476 (E.D.N.Y.1983). "An administrative claim fails to sufficiently describe a possible cause of an injury when it is not mentioned in the claim. *Kikumura v. Osagie*, 461 F.3d 1269, 1302 (10th Cir.2006)." *Earl v. U.S,* 2007 WL 2572272, *1 (D.Colo. 2007).

The Tenth Circuit has no published cases addressing the requirement that an administrative claim state the correct dates of injury. Other cases expressly reject any requirement that an administrative claim state the correct date of injury, and permit a plaintiff to pursue a civil case for injuries suffered on different dates so long as the claim gives reasonable notice of the actual source of his injury. *See, e.g., Rise v. United States,* 630 F.2d 1068, 1071-72 (5th Cir.1980); *Rhodes v. United States*, 2007 WL 1173790, at *3 (M.D.Fla. Apr.18, 2007) (exercising jurisdiction over a suit for an injury suffered on July 29, 2002, even though the plaintiff's administrative claim alleged a "Date and day of accident" of

10

July 23, 2002); *Southern v. U.S.* 2007 WL 2416510, *7 (W.D.Tex. 2007);

*Neuenswander v. United States*, 422 F.Supp.2d 425, 437-38 (D.Vt.2006);

*Franz v. United States*, 414 F.Supp. 57, 58 (D.Ariz.1976) (administrative

claim alleging negligent failure to diagnose in 1969-70 failed to notify

government of a claim of negligent failure to diagnose in 1971-72 because

the allegations, although arising from the same loss to the plaintiff, were of

"two distinct sets of negligent acts occurring at two different time periods")).

The court believes this approach best meets the pragmatic purpose of the

exhaustion requirement articulated by the Tenth Circuit.

**Application**

The court finds that plaintiff's administrative claim affords the

defendant adequate notice to properly investigate the underlying events

which occurred on and before March 29, 2005, the last date stated in

plaintiff's complaint. Plaintiff's complaint alleges the same theory as

included in the administrative claim (negligent care and treatment),

provides additional facts which contributed to the same injury, and alleges

events which are in very close temporal proximity (ten days) to the dates of

the events stated in his administrative claim.

The court finds the cases relied upon by defendant to be

distinguishable.  In such cases, the administrative claims failed to put the

government on notice of the facts leading to the claimant's injury. *See e.g.,*
*Kikumura v. Osagie*, 461 F.3d 1269, 1302 (10th Cir.2006) (finding failure to
exhaust with respect to  FTCA claim for "negligent failure to provide
adequate training and supervision to staff" because administrative claim
alleged facts relating only to negligent care while ill); *Staggs v. United*
*States*, 425 F.3d 881, 884-85 (10th Cir.2005) (finding failure to exhaust
FTCA claim for lack of informed consent because administrative claim
alleged only a substantial departure from the standard of care and no facts
specific to negligent management of plaintiff's pregnancy and labor); *Bethel*
*v. U.S., ex rel. Veterans Admin. Medical Center of Denver, Colorado*, 495
F.Supp.2d 1121, 1124 -1125 (D.Colo.2007) (finding plaintiffs' FTCA cause
of action for negligent credentialing not exhausted because it was distinct
and different from the treatment-based causes of action for which a proper
administrative claim had been made); *Magnuson v. U.S.*, 1994 WL 478308,
*4 (D.Kan.,1994) (finding no exhaustion of FTCA action for negligent
medical treatment where administrative claim asserted insufficient
protection resulting in battery and permanent injury, since claims were
distinct and insufficient to apprise the government of claim of inadequate
medical care.)

    Here, plaintiff's administrative claim fairly apprises the Government of

the facts leading to the claimant's injury. Plaintiff does not assert a different theory in his complaint than in his administrative claim – both assert the theory of insufficient or negligent medical care and treatment. Nor does plaintiff's administrative claim allege a different injury.  His administrative claim includes the essential injury reflected in the complaint, by alleging that "Mr. Strohm suffered from misdiagnosed pneumonia which caused him substantial injury and damages and in addition he lost part of his lung." Dk. 19, Exh. B., p. 5.  Admittedly, plaintiff's complaint includes dates and events which were not included in the administrative complaint, but the factual allegations of negligent care and treatment in the complaint which occurred after the events stated in the administrative claim are properly viewed as a continuing course of events which allegedly contributed to plaintiff's injuries. A reasonable investigation of the facts stated in plaintiff's administrative claim would have put the government on notice of all underlying events which occurred on and before March 29, 2005. Plaintiff's claims of negligent care and treatment by defendant's employees from March 15th or 16th through March 29, 2005 have thus been properly exhausted.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Dk. 18) is granted in part and denied in part in accordance with the terms

of this order.

Dated this 24th day of October, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge